**STATE OF LOUISIANA**           \*        **NO. 2020-KA-0478**

**VERSUS**                \*

                      **COURT OF APPEAL**

**NORA AVILA**          \*

                      **FOURTH CIRCUIT**

                \*

                      **STATE OF LOUISIANA**

            **\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 538-862, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*
(Court composed of Judge Regina Bartholomew-Woods, Judge Paula A. Brown, Judge Dale N. Atkins)

Jason Williams
Orleans Parish District Attorney
Michael Ambrosia
Assistant District Attorneys
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE/APPELLEE

Madeline M. Jennings
Orleans Public Defenders
2601 Tulane Ave., Ste. 700
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/APPELLANT

                              **VACATED; REMANDED**
                                **March 31, 2021**

This is a criminal appeal. Defendant, Nora Avila, appeals her sentence of three years imprisonment at hard labor, suspended, with credit for time served, and three years of active probation for her guilty plea to one count of forgery, imposed after the Orleans Parish District Attorney ("the DA") removed her from the DA's post-plea diversion program (the "diversion program"). Ms. Avila contends that the district court's refusal to afford her an evidentiary hearing before she was removed from the diversion program violated her procedural due process rights under both the United States and Louisiana Constitutions. For the reasons that follow, we vacate the district court's sentence and remand this matter for further proceedings consistent with this opinion.

**FACTUAL BACKGROUND**

On December 6, 2017, the State of Louisiana ("the State") charged Ms. Avila by bill of information with one count of forgery, a violation of La. R.S. 14:72.[1] Ms. Avila was arraigned on October 2, 2018, and entered a plea of not

---

[1] La. R.S. 14:72 provides in pertinent part:

> A. It shall be unlawful to forge, with intent to defraud, any signature to, or any part of, any writing purporting to have legal efficacy.

guilty. On February 6, 2019, the State informed the district court that Ms. Avila was eligible for the DA's diversion program. To participate in the diversion program, Ms. Avila was required to plead guilty to the charge of forgery, but imposition of her sentence was deferred. If she successfully completed the diversion program, she would be permitted to withdraw her guilty plea, and the State would dismiss her case. Failure to successfully complete the diversion program would result in Ms. Avila being sentenced to zero to ten years of imprisonment with or without hard labor, pursuant to La. R.S. 14:72. On February 20, 2019, Ms. Avila and the DA entered into a diversion contract. Ms. Avila pled guilty to forgery, and she was subsequently enrolled in the program.

As part of the diversion program, Ms. Avila was required to attend diversion review hearings with the DA, which were not conducted in open court. On March 20, 2019, and June 20, 2019, Ms. Avila appeared for her diversion review hearings and was found to be in compliance with the diversion program. During Ms. Avila's September 18, 2019 diversion review hearing, the State informed the district court that Ms. Avila had been non-compliant in the diversion program. A follow-up diversion review hearing to terminate Ms. Avila's participation in the diversion program was scheduled, in open court, on September 24, 2019.

On September 24, 2019, before the hearing, Ms. Avila, through counsel, filed a motion for an evidentiary hearing on the DA's decision to remove her from

---

B. Issuing, transferring, or possessing with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute a violation of the provisions of this Section.

*     *     *

D. Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.

the diversion program. In the motion, Ms. Avila alleged that the district court's failure to afford her an evidentiary hearing, and the DA's failure to provide written notice of her violations of the diversion program, violated her procedural due process rights under both the U.S. and Louisiana Constitutions. Ms. Avila further asserted that, similar to probation and parole revocation hearings, there were liberty interests at stake considering the nature of the contract entered into between Ms. Avila and the DA's office.

During the diversion review hearing, the State recounted that Ms. Avila had been non-compliant with the diversion program by missing multiple office visits without contacting the DA's office. The State did not provide a copy of the diversion contract, nor did the State offer any evidence of Ms. Avila's non-compliance. The State relayed to the district court that Ms. Avila was advised that she had been non-compliant with the terms of the diversion contract. The State offered to supplement the record with a copy of the diversion contract and the form showing the multiple office visits missed by Ms. Avila. In sum, the State argued the diversion program was part of a plea agreement that Ms. Avila failed to satisfy; and, due to her failure to comply with the agreed upon conditions of the diversion program, the district court should execute her sentence as per the diversion contract.

In response, Ms. Avila argued that the State's claims of her failure to meet the terms and conditions of the diversion program were merely allegations and, procedural due process required a hearing for the district court to determine by a preponderance of the evidence whether revocation was required. Ms. Avila asserted that she should be afforded an evidentiary hearing; and, if found non-

compliant after a hearing, the district court would have the opportunity to sentence her at that time.

The district court, responding directly to counsel for Ms. Avila, stated:

> So this court, [Counsel] as you already know, does not have jurisdiction over the diversion program. It is only the DA's office that can offer diversion as a part of a plea agreement with the defense and the defendant. And it is the agreement that Ms. Avila, or any defendant enters into directly with the district attorney's office.
>
> Any issue arising from noncompliance is not within this court's jurisdiction, and so the district attorney's office has a right to request prosecution if a person fails to comply with the diversion program if it's pre[-]plea, and they also have the right to request sentencing if the person fails to comply post[-]plea.
>
> And so at this time the court basically has no jurisdiction to grant any type of evidentiary hearing in this respect.

Following its refusal to hear Ms. Avila's motion for an evidentiary hearing, the district court imposed a sentence, as provided in La. R.S. 14:72, of three-years at hard labor, suspended, subject to three years of active probation.

On October 24, 2019, Ms. Avila sought supervisory review in a timely filed writ application. This Court, on November 14, 2019, granted Ms. Avila's writ for the sole purpose of remanding the matter to the district court in order to treat Ms. Avila's notice of intent to file a supervisory writ as a motion for appeal. *State of Louisiana v. Nora Avila*, 2019-0915 (La. App. 4 Cir. 11/14/19). On November 19, 2019, Ms. Avila filed a notice of appeal, and this timely appeal followed.

## ERRORS PATENT

Pursuant to La. C.Cr.P. art. 920, we have reviewed the record for errors patent and have found none.

**ASSIGNMENT OF ERROR**

In her sole assignment of error, Ms. Avila asserts the district court erred in sentencing her without affording her the opportunity to challenge the basis for her removal from the DA's diversion program.[2]

**DISCUSSION**

In addition, Ms. Avila argues that the State failed to introduce, and the district court failed to consider, any evidence to establish the terms and conditions of the diversion program; and, the State failed to prove the alleged violations of the diversion contract. Ms. Avila further contends that regardless of the conditions of her diversion contract with the DA, she is entitled to a hearing to address the State's allegations of non-compliance against her.

The State responds that a valid contract existed between Ms. Avila and the DA, Ms. Avila was aware of the terms and conditions of the diversion program, and a valid cause existed for the State to remove Ms. Avila from the program. The State maintains that it stated on the record that Ms. Avila breached the terms of the agreement by missing multiple appointments, and the district court found this to be sufficient to find that Ms. Avila had violated the diversion contract and sentenced her accordingly.

We note the issue of whether a participant in a post-plea diversion program is entitled to an evidentiary hearing prior to revocation of the right to continue participation in the post-plea diversion program is a matter of first impression in

---

[2] Ms. Avila raises four issues: (1) she was sentenced without any evidence establishing the terms of the diversion program and violations of the diversion contract; (2) the district court had jurisdiction to hear and decide whether she breached the diversion contract; (3) her removal from the diversion program without a hearing violated her constitutionally protected liberty interest; and (4) the magnitude of the liberty interest implicated violated her procedural due process rights under both the U.S. and Louisiana Constitutions.

Louisiana. Thus, we looked to jurisprudence wherein pre-trial diversion contracts were at issue for guidance.

It is well-settled that "[t]he validity of an agreement not to prosecute is generally determined under contract principles, 'while recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law.'" *State v. Cardon*, 2006-2305, p. 1 (La. 1/12/07), 946 So.2d 171, 171-172 (*quoting State v. Givens*, 1999-3518, p. 14 (La. 1/17/01), 776 So.2d 443, 455). "A contract is created when all parties consent to an agreement for a lawful cause." *State v. Franklin*, 2013-1489, p. 13 (La. App. 4 Cir. 6/11/14), 147 So. 3d 231, 241.[3]

"In determining the conditions of any agreement to divert a defendant from the processes of prosecution, the district attorney is at the outset of the agreement free of judicial interference or coercion." *Id.* at 237. "These types of agreements are not only constitutionally-permissible, but have also been heralded as essential to the proper functioning of our justice system." *Id.* at 238; *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663 (1978), (quoting *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501 (1962)). "In order to determine whether a breach occurred, we must first understand what constituted compliance." *Id.* at 244. Moreover, to understand what constitutes compliance, we must first review the terms and conditions of the diversion contract.

---

[3] La. C.C. art. 1927 provides in part:

A contract is formed by the consent of the parties established through offer and acceptance.

Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.

In *Franklin,* this Court reviewed the district court's judgment, granting a motion to quash the state's indictment on the basis that it breached a pre-trial diversion agreement between a defendant and the state. The defendant in *Franklin* was arrested for public payroll fraud. The state declined to pursue formal charges against the defendant and alternatively offered admittance to its pre-trial diversion program. The defendant successfully completed the diversion program by paying fees and restitution per the diversion agreement. The defendant received a letter from the DA's office evidencing his successful completion of the diversion program, and the DA's dismissal of the case. After finding additional evidence of payroll fraud, the state filed a bill of information formally charging the defendant with public payroll fraud. In turn, the defendant filed a motion to quash the indictment.

The trial court conducted an evidentiary hearing on the defendant's motion to quash, which allowed the defendant to address the state's specific allegations of payroll fraud, and to furnish evidence showing that he successfully complied with the terms of the diversion agreement. After hearing the evidence, the trial court granted the defendant's motion to quash and found that the DA should honor the conditions outlined in the pre-trial diversion agreement. On appeal, the *Franklin* Court opined:

> We find the trial court judge correctly held that a binding agreement existed between the parties, that the terms of that agreement precluded the institution of the instant prosecution, that the district attorney breached that agreement, and that the proper remedy for enforcing the terms of that agreement was to grant [the defendant's] motion to quash. As such, we necessarily conclude that the trial judge did not abuse his discretion.

2013-1489, p. 12, 147 So.3d at 241.

7

In the case *sub judice*, both Ms. Avila and the State acknowledge that they consented to and entered into a post-plea diversion contract. Thus, the issue before the district court, prior to sentencing, was whether Ms. Avila breached the terms and conditions of the diversion contract, as alleged by the State.[4] Unlike in *Franklin*, where the defendant was permitted to introduce evidence and participate in an evidentiary hearing, here, the district court, in refusing to hear Ms. Avila's motion for an evidentiary hearing stated that it "basically ha[d] no jurisdiction to grant any type of evidentiary hearing" on "any issue arising from noncompliance." It is well-settled that "[c]ourts have the jurisdiction and powers over criminal proceedings that are conferred upon them by the constitution and statutes of this state, except as their statutory jurisdiction and powers are restricted, enlarged, or modified by the provisions of this Code." La. C.Cr.P. art. 16.

Based on the above, we conclude that Ms. Avila is entitled to an evidentiary hearing to determine whether she breached the diversion contract. In addition, the district court erred in finding that it did not have jurisdiction to hear the breach of contract matter.[5] Furthermore, because the district court sentenced Ms. Avila without first determining if she was in breach of the contract, we vacate Ms. Avila's sentence and further remand the matter to the district court to conduct an evidentiary hearing consistent with this opinion.

---

[4] We note that the record is devoid of any such agreement, the terms and conditions of the diversion program, or any appreciable evidence to support the State's alleged breaches of the diversion contract.

[5] Because this Court finds Ms. Avila is entitled to relief on the grounds of breach of contract, we pretermit discussion of the other grounds asserted by Ms. Avila.

## CONCLUSION

Based on the foregoing, we vacate Ms. Avila's sentence and remand this matter for an evidentiary hearing consistent with this opinion.

**VACATED; REMANDED**